# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** New Mexico Motor Speedway, Inc.

**Case Number:** 05-14845

### Document Information

**Description:** Minutes of Final Hearing Held On 9/19/05 Re: [6-1] Application To Employ Brian E. Rowe, CPA by New Mexico Motor Speedway, Inc. .

**Received on:** 2005-09-20 15:09:32.000

**Date Filed:** 2005-09-20 00:00:00.000

**Date Entered On Docket:** 2005-09-21 00:00:00.000

### Filer Information

**Submitted By:** Mary Anderson

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

**Clerk's Minutes**

Before the Honorable James Starzynski

James Burke, Law Clerk
Jill Peterson, Courtroom Deputy

**\*\*Hearing was Digitally Recorded**

**Date:**
**MONDAY, SEPTEMBER 19, 2005**

**In Re:**
**NEW MEXICO MOTOR SPEEDWAY**
**No. 11-05-14845 SA**

**FH on Motion to Employ Accountant by Debtor**
**(applic. #6, affdt #7, obj. #24 & 28)**

**Attorney for Debtor: Dave Giddens**
**Attorney for Richards Parking, Inc., et al.: William Chappel and Robert Jacobvitz**
**Attorney for UST: Leonard Martinez-Metzgar**
**Attorney for Madison, Harbour Law Firm: Gregory Steinman and Marisol Garcia**
_____

**TIME STARTED: 2:18 pm**            **TIME ENDED: 4:18 pm**

**Summary of Proceedings:**             Exhibits _____

                                        Testimony _____

MOTION DENIED.  Mr. Jacobvitz to do order.

Ruling:

1334 and 157; core; 7052

The application of the estate to hire Mr. Rowe is denied.

Possible 547 and 548 actions. And the corporation and Mr. Shakra sort of acknowledged that (re 547) by paying Mr. Rowe beforehand so he would not be a creditor. I am aware of the distinctions that courts make between actual and potential conflicts, but there is no bright line that I have been able to determine, and this situation looks too much like an actual conflict.

Mr. Rowe did work for Mr. Shakra et al. prepetition, and helped determine what the numbers are for the corporation that the DIP has now put in its schedules, etc. – it would be difficult for an ordinary human being to go back and seriously re-examine and challenge those numbers to the extent that the estate on the one hand and the Mr. Shakra et al. on the other hand (esp. Mr. Shakra) had a difference of opinion and the estate (or creditors of the estate) wanted that issue raised. I don't know where this leaves the average professional that has worked for a corporation (or partnership, etc.) and all its owners, directors, officers, family members, etc. when the corporation becomes a DIP, but it does not work in this case.

By this I mean no attack on Mr. Rowe's integrity at all; if anyone could pull off being completely objective and loyal to the estate, it would be Mr. Rowe, but I am not going to put him in that position.

There is also the issue of a potential claim against the estate and Mr. Rowe for interference with contractual relations. I have a question about how solid that is, in law and in fact, but it is not an empty threat with nothing offered to back it up, and so that is an additional reason to not permit the employment, although whether it would be so on its own is not something I need to decide.